## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:   Mary Anne Kazlauskas<br>                          Debtor,<br><br>Mary Anne Kazlauskas,<br>              Movant/Objectant,<br>       v.<br><br>CIT Bank, N.A.<br>              Creditor. | Bankruptcy No. 16-18741-JKF<br><br>Chapter 13<br><br><br>Related to Document No. 42 |

**MEMORANDUM OF LAW IN SUPPORT OF CIT BANK, N.A.'S RESPONSE TO DEBTOR'S OBJECTION TO CLAIM**

**PRELIMINARY STATEMENT**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §134 and §157. Venue is appropriate in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**STATEMENT OF THE CASE**

Mary Anne Kazlauskas, (hereinafter the "Debtor"), filed the instant Chapter 13 Case on June 1, 2017.  CIT Bank, N.A., (hereinafter the "Creditor") filed a Proof of Claim on the Claims Register at Claim No. 3 with respect to its secured interest by way of a Reverse Mortgage on Debtor's property located at 811 Washington Avenue, Croydon, Pennsylvania 19021 (the "Property"). Prior to filing the instant case, Debtor failed to maintain all tax obligations that had come due with regards to the Property which constitutes default under the terms of the Reverse Mortgage. The filed Proof of Claim reflects a secured claim amount of $179,719.16 and prepetition arrears in the amount of $15,284.29 comprised of tax advances. Attached hereto as **Exhibit "A"** is a true and correct copy of the filed Proof of Claim.

On June 19, 2017, Creditor filed a Notice of Postpetition Mortgage Fees, Expenses, and Charges ("Postpetition Fee Notices") to place Debtor on notice of attorneys' fees and costs incurred postpetition as required by Federal Rule of Bankruptcy Procedure 3002.1(c). The Postpetition Fee Notice listed a total

amount of $650.00 incurred on March 20, 2017 for a Plan Review fee in the amount of $250.00 and a Proof of Claim fee of $400.00.

On October 6, 2017, Debtor filed an Objection to the Postpetition Fee Notice alleging that, (1) the fees sought are unreasonable; (2) Creditor has no authority to collect the fees; (3) the fees cannot be collected unless there is equity in the real estate above and beyond the claim of the Creditor; and (4) Creditor is not entitled to recover the fees for work performed for preparing and filing the Proof of Claim because the services performed are merely ministerial and not legal in nature.

On November 2, 2017, Creditor filed a Response to Debtor's Objection to the Postpetition Fee Notice and now, provides this Memorandum of Law in support of its authority and basis for recovery of the postpetition attorneys' fees.

## QUESTIONS PRESENTED

This case presents the question of whether Creditor is entitled to recover postpetition attorneys' fees totaling $650.00 incurred as a result of the Debtor's Chapter 13 Plan Review and preparation and filing of the Proof of Claim.

## ARGUMENT

1. **The fees requested in this matter are permitted to be recovered under both bankruptcy law and contract law based on the terms on the loan documents.**

**(a) Federal Rule of Bankruptcy Procedure Rule 3002.1(c)**

The Debtor's Objection alleges that Creditor has no authority to collect the postpetition fees. Federal Rule of Bankruptcy Procedure Rule 3002.1(c) requires that the holder of the claim file and serve on the debtor, debtor's counsel, and the trustee a notice itemizing all fees, expenses, or charges (1) that were incurred in connection with the claim after the bankruptcy case was filed, and (2) that the holder asserts are recoverable against the debtor or against debtor's principal residence, and the notice shall be served within 180 days after the date on which the fees, expenses, or charges are incurred. The Federal Rules of Bankruptcy do not require the lender to disclose or provide a breakdown of the calculation of those fees.

Here, the June 19, 2017 Postpetition Fee Notice filed by Creditor, was in compliance with the requirements of F.R.B.P. 3002.1(c). The Postpetition Fee Notice listed the following in an attached Addendum: 3/20/2017 (Review of Plan) and 3/20/2017 Proof of Claim. Creditor in the Postpetition Fee Notice, clearly states the dates on which the services were performed, and the amounts charged. The Postpetition Fee Notice was timely filed, served upon the parties, and seeks to recover a postpetition attorney fee incurred in connection with the representation of the lender in the Debtor's bankruptcy case. Attached hereto as **Exhibit "B"** is a true and correct copy of the invoices for this matter.

**(b) 11 U.S.C. 506(b)**

The Bankruptcy Code also expressly permits for the recovery of postpetition attorney fees. 11 U.S.C. 506(b) to determine the recoverability of a lender's position bankruptcy attorney fees. Under this section of the Bankruptcy Code, a lender with an allowed secured claim may recover attorneys' fees, costs and charges provided that the following conditions are satisfied: (1) the creditor holding the claim over-secured; (2) the fees, costs and charges are provided for by the agreement, or state statute, under which the creditor's claim arose; and (3) the fees, costs and charges are reasonable. *In re Susanek*, 2014 Bankr. LEXIS 4264 (W.D. Pa. 2014). In this case, all three requirements of 11 U.S.C. 506(b) are satisfied.

**(i)    The creditor holding the claim is oversecured.**

Creditor's claim is over-secured. The filed Proof of Claim reflects a secured claim total of $179,719.16. Debtor's Schedule A/B reflects a fair market value of $188,000.00. After deducting $179,719.16 from the value of $188,000.00, there is sufficient equity remaining to secure the postpetition attorneys' fees in the amount of $650.00. Accordingly, the claim is over-secured and meets the first requirement of the test under 11 U.S.C. 506(b).

**(ii)    The fees, costs and charges are provided for by the agreement, or state statute, under which the creditor's claim arose.**

The underlying contract, or Security Instruments, authorize Creditor to charge recovery of attorneys's fees and costs incurred in connection with the instant bankruptcy proceeding. On June 2,

2005, Debtor executed an Open-End Mortgage (Home Equity Conversion) and Note with Creditor which was secured by a lien on Debtor's property located at, 811 Washington Avenue, Croydon, PA 19021. The Mortgage and Note set forth Debtor's obligations thereunder in and provide Creditor with recourse in the event of Debtor's default of the obligations. Paragraphs two (2) and three (3) reflect that Debtor must maintain taxes and insurance with regards to the Property. Attached hereto as **Exhibit "C"** is a true and correct copy of the Open-End Mortgage and Note. Paragraph five (5) of the Open-End Mortgage states

If Borrower fails to make these payments or the property charges required by Paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mention in paragraph 2.

Paragraph Eight (8) of the Open-End Mortgage states that Lender may collect fees and charges as authorized by the Secretary. The Secretary of Housing and Urban Development (HUD) issued Mortgagee Letter 2016-03 which specifically authorizes Creditor's charges of $650.00 for the Proof of Claim Preparation and Plan Review. These fees are outlined in Page 3 of 3 of the ATTACHMENT 3 to the Letter. Attached hereto as **Exhibit "D"** is a true and correct copy of the HUD Mortgagee Letter 2016-03 and ATTACHMENT 3.

In this case, prior to filing for bankruptcy, Debtor defaulted on her obligation to maintain property taxes, as required by Paragraphs (2) and (3) of the Open-End Mortgage. The filed Proof of Claim reflects a prepetition arrearage amount of $15,284.29 comprised of taxes advanced by Creditor. As a result of the default, under Paragraph (5) of the Open-End Mortgage, Creditor is permitted "to do and pay whatever is necessary to protect the value of Property and Lender's rights in the Property".

The Note also authorized and permits the recovery of attorney fees. Paragraph Seven (7) of the Note indicates that Creditor may require immediate payment in full if any obligation of the borrower under the security instrument is not performed and in that case, the debt enforce through the sale of the Property may include costs and expenses, including reasonable and customary attorneys' fees, associated with enforcement of this Note to the extent not prohibited by applicable law.

The Debtor, by executing the Mortgage and Note expressly contracted for the allowance of reasonable attorney fees incurred as a result of the instant bankruptcy proceeding. The fees for preparing and filing the Proof of Claim and the Review of Debtor's Chapter 13 Plan, stem directly from the Debtor's default of obligations under the loan documents. The language of the Mortgage and Note are clear and unambiguous and Debtor expressly contracted to allow Creditor to recover reasonable attorneys' fees incurred as a result of the default and this current bankruptcy proceeding. Both the preparation and filing of the Proof of Claim and Chapter 13 Plan Review are necessary to ensure that Creditor will be paid in accordance with the terms of the underlying contract through the Chapter 13 bankruptcy proceeding.

        **(iii)     The fees, costs, and charges are reasonable.**

The last prong of the test set forth by 11 U.S.C. 506(b) is whether the fees, costs and charges are reasonable. Here, the bankruptcy attorney fees in question are in the total amount of $650.00 and are broken down as follows: Review of Chapter 13 Plan $250.00 and Proof of Claim $400.00. The fees that Creditor has sought to recover that were incurred in connection with Debtor's bankruptcy filing, were both necessary to preserve Creditor's rights and are reasonable and not excessive.

The Review of Debtor's Chapter 13 Plan was performed to determine whether the Chapter 13 Plan sought to reduce payment to the claimant, modify the contractual terms of the claim, or cure the arrears and maintain ongoing payments to the lender. This required a detailed review of the Debtor's Schedules, the Chapter 13 Plan, and the proposed proof of claim figures, as well as correspondence with Creditor with regards to the same. The review of the Chapter 13 Plan also requires a determination that the Debtor's plan payment was sufficient, that the Debtor set forth a feasible plan, and that the plan sought to make the regular monthly mortgage payment and cure the prepetition arrears due at the time of filing. The Review of the Debtor's Chapter 13 Plan in this case, resulted in a determination that an Objection to Plan was not required.

A Proof of Claim constitutes prima facie evidence of the validity of a creditor's claim. The Proof of Claim if not filed, may result in the claim of lender being barred entirely. The $400.00 Proof of Claim fee reflects attention to reviewing client referral, loan documents – mortgage, note, assignments of mortgage to determine that there is a complete chain of title. It also entailed the review of Debtor's payment history, escrow history, attorney fees and costs incurred prepetition, and redaction of all personal identifiers from the supporting documents. Also within the fee, was the attorney review of the forms, calculation of figures, supporting documentation, requests for revisions, conference with the paralegal, communication with the client as needed, submission of the draft of Proof of Claim to the Creditor, further revisions, and final approval by both Counsel for Creditor and Creditor, as well filing of the Proof of Claim and serving the same upon all interested parties.

Although the fees were billed on a flat fee basis in accordance with the mortgage servicing industry billing standards, if the computation of the fees was viewed under the Lodestar formula the breakdown of the fees would be as follows. The hourly rate charged to Creditor is $215.00/hour. If computed under the Lodestar formula, the breakdown of the $650.00 would reflect about three hours of attorney time expended at the rate of $215.00/hour. Which is a reasonable calculation in light of the scope of the services performed, the time spent, and attention to detail. Accordingly, Creditor's fees of $650.00 should be deemed reasonable and not excessive.

As illustrated above, each pleading requires multiple levels of review to ensure compliance with Federal and Local rules and client directives. Attention to detail is required by both paralegals and attorneys to confirm that the figures and calculations in filed documents are true and correct. The fees are not unreasonable nor are they excessive and accurately represent the services performed to ensure that Creditor's contractual rights are preserved in the bankruptcy proceeding.

The purpose of the Postpetition Fee Notice is to place the Debtor on notice of the bankruptcy attorney fees incurred during the pendency of the Chapter 13 case. The Postpetition Fee Notice is not a demand for payment, the purpose of the rule was to promote transparency and notify Debtor of the amounts that are being marked as recoverable against the Debtor and charged to Debtor's account. Filing Postpetition Fee

Notices including a lodestar calculation for the fees would be an inaccurate representation of how the bankruptcy attorney fees were incurred.

2. **Creditor is entitled to recover the fees for work performed for preparing and filing the Proof of Claim because the services performed are <u>not merely ministerial</u>.**

Debtor's last argument in support of disallowing the postpetition attorney fees is that the fees are not recoverable because the preparation and filing of the Proof of Claim is ministerial act. This is a wholly conclusory statement. Other courts have held that the preparation and filing of a proof of claim is not a perfunctory act. *In re Susanek*, 2014 Bankr. LEXIS 4264, at *6 (W.D. Pa. 2014). Rather, the proper filing of a proof of claim is vital to the protection of a creditor's claim, and there are "serious and far-reaching implications of failing to file a proof of claim correctly." Id. at *7 (citing *In re Rangel*, 408 B.R. 650, 666 (Bankr. S.D.Tex. 2009) *rev'd on other grounds*, *In re Velazquez*, 660 F.3d 893 (5th Cir. 2011).

Here, the Proof of Claim filed on March 20, 2017 at Claim No. 3 was signed by the Creditor's attorney. The attorney expended time in reviewing the loan history, various loan documents, and the calculation of figures reflected on the Proof of Claim. Furthermore, legal analysis was required to determine what fees are permitted to be included in the Proof of Claim secured claim total calculation as well as the prepetition arrearage calculation. Legal analysis was also required to review the loan documents, ensure complete chain of title, proper indorsements, and compliance with state recordation laws. Attorney review of the pleading was also required to ensure that the personal identifying information was properly redacted in compliance with the law. Failure to file the Proof of Claim correctly could result in adverse consequences to Creditor and its ability to recover the prepetition taxes that stemmed from Debtor's failure to uphold obligations under the loan documents. Additionally, the Chapter 13 Plan review is also a necessary step that requires legal determination by an attorney to confirm that the Chapter 13 Plan is feasible and sets forth a plan to cure the prepetition arrears and maintain postpetition obligations to Creditor. These are not ministerial acts and require attention to detail and legal analysis.

**CONCLUSION**

Creditor's attorneys' fees in the amount of $650.00 are recoverable pursuant to 11 U.S.C. 506(b) because the claim is oversecured, the underlying loan documents provide for the recovery of the fees, and lastly, the fees are reasonable. The fees shall not be disallowed because they were actually incurred due to legal services performed to ensure that Creditor's rights were enforced and protected due to Debtor's default under the loan documents and the instant bankruptcy proceeding.

Respectfully submitted,

 /s/ Celine P. DerKrikorian
Ann E. Swartz, Esquire, I.D. # 201926
Celine P. DerKrikorian, Esquire, I.D. # 313673
Alexandra T. Garcia, Esquire, I.D. # 307280
McCabe, Weisberg & Conway, P.C.
Attorney for Creditor
123 S. Broad Street, Suite 1400
Philadelphia, PA  19109
Telephone: (215) 790-1010
Facsimile: (215) 790-1274
ecfmail@mwc-law.com